## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**LESLIE NIEVES**

      **PLAINTIFF,**

**V.**                                                                   **CASE NO.:**

**PRO-DEMOLITION, INC.,**
**A Florida Corporation, and**
**EDWARD WARREN, Individually,**

      **DEFENDANTS.**

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LESLIE NIEVES, by and through the undersigned attorney, sues Defendants, PRO-DEMOLITION, INC. ("Pro-Demolition"), a Florida Corporation, and EDWARD WARREN ("Mr. Warren"), individually and alleges:

### JURISDICTION AND VENUE

1.      Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the FLSA.

3.      At all times material hereto, Plaintiff was a resident of Orange County, Florida.

4.      Defendants conduct business in, Orange County, Florida, therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

5.      Defendant, PRO-DEMOLITION, INC., is a Florida Corporation that operates and conducts business in, Orlando, Florida and is therefore, within the jurisdiction of this Court.

6.      At all times relevant to this action, EDWARD WARREN was an individual resident of the State of Florida, who owned and operated PRO-DEMOLITION, INC., and who regularly exercised the authority to: (a) hire and fire employees of PRO-DEMOLITION, INC., (b) determine the work schedules for the employees of PRO-DEMOLITION, INC., and (c) control the finances and operations of PRO-DEMOLITION, INC. By virtue of having regularly exercised that authority on a day-to-day basis on behalf of PRO-DEMOLITION, INC., EDWARD WARREN is/was an employer as defined 29 U.S.C. § 201, et seq.

7.      Plaintiff was employed by Defendant as a driver from July 2018 to March 2019.

## GENERAL ALLEGATIONS

8.      At all material times, Defendants PRO-DEMOLITION, INC., was an "employer" within the meaning of the FLSA and under the common law.

9.      At all material times, Defendants PRO-DEMOLITION, INC., performed related activities as building structure demolition, land clearing, tree removal, and excavation.

10.     Defendant PRO-DEMOLITION, INC., controls and supervises its employees and also have the power to determine their rates of pay and hire/fire them.

11.     Plaintiff was an employee who worked for Defendants as a driver within the last year in Orange County, Florida.

12.     Throughout Plaintiff's employment, Plaintiff was paid hourly.

13.     Furthermore, Plaintiff was never paid mileage or any overtime compensation for all hours worked at any point during his employment.

14.     Instead, Plaintiff would, at times, only be compensated for some of the hours he worked in excess of (40) hours per week via what Defendants called a "fuel and tow reimbursement."

15.     Defendants' alleged "fuel and toll reimbursement," however, was just an attempt by Defendants to pay Plaintiff straight-time, instead of time and a half, for some of the hours he worked in excess of (40) hours per week.  Even then, Defendants still failed to properly pay Plaintiff for all hours worked.

16.     Plaintiff regularly worked in excess of (40) hours per week throughout his employment with Defendants.

17.     Defendants did not properly record Plaintiff's work hours.

18.     Defendants did not maintain proper time records as mandated by law.

19.     Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

20.     Plaintiff's gross weekly wages minus his unreimbursed mileage expenses resulted in wages that fell below the statutory requirement for time and half pay for all hours worked over (40) per week.

21.     At all times material to this cause of action, Defendant was an enterprise subject the FLSA.

22.     At all times material to this cause of action, Plaintiff was a non-exempt employee and is therefore entitled to overtime wages for any and all overtime hours worked.

23.     This action is brought under the FLSA to recover from Defendants minimum wage and overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

24.     During employment with Defendants, Defendant PRO-DEMOLITION, INC.,

earned more than $500,000.00 per year in gross sales.

25.     Therefore, at all material times relevant to this action, Defendants, PRO-DEMOLITION, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) a.

26.     In addition, during Plaintiff's employment, Defendant, PRO-DEMOLITION, INC., and Defendant, EDWARD WARREN employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including, but not limited to, building materials, demolition supplies, power tools and other concrete/construction supplies which were used to run the business.

27.     At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendants and no provisions were made by Defendants to properly pay Plaintiff for all overtime hours worked.

28.     During his employment with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

29.     During his employment with Defendants, Plaintiff routinely worked overtime hours. Plaintiff would typically work approximately 55-65 hours per week.

30.     Defendants would constantly assure Plaintiff that they would pay his, but never did.

31.     Plaintiff is entitled to his regular rate of pay ($18.00/hour in 2019 and $18.00 in 2018) plus the half-time premium ($9.00/Overtime hour in 2019 and $9.00 in 2018) for all hours worked in excess of forty (40) per week.

32.     Based upon the above, Defendants have violated Fla. Const. Art. X § 24 and the FMWA by failing to pay the full minimum wage for each hour worked.

33.     Based upon the above policies, Defendants have violated the FLSA by failing to pay complete overtime pay for each hour worked over forty (40) per week.

34.     Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and the amounts paid to Plaintiff are in the possession and custody of Defendants.

35.     Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

36.     All conditions precedent to this action have been performed or waived.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION (FLSA)

37.     All preceding paragraphs are fully re-alleged and incorporated herein.

38.     Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

39.     During his employment with Defendants, Plaintiff was not paid for all time worked as described above which resulted in Plaintiff not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

40.     As a result of Defendant's intentional, willful and unlawful acts in refusing to overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

41.     Defendants did not have a good faith basis for its failure to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week.

42.     As result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

43.     Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff, LESLIE NIEVES, demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by his for which Defendants did not properly compensate his, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 13th day of August, 2019.

Respectfully submitted,

**/s/ Gregory R. Schmitz**
GREGORY R. SCHMITZ, ESQ.
Florida Bar No.:  0094694
20 North Orange Avenue, Suite 1400
Orlando, Florida 32801
Telephone:  (407) 204-2170
Facsimile:  (407) 245-3401
E-mail: gschmitz@forthepeople.com
        mbarreiro@forthepeople.com
***Attorney for Plaintiff***