# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LESLIE NIEVES,**

        **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　**Case No:   6:19-cv-1495-Orl-41LRH**

**PRO-DEMOLITION, INC. and EDWARD WARREN,**

        **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW   (Doc. No. 15)**
>
> **FILED:**　**January 9, 2020**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On August 13, 2019, Plaintiff Leslie Nieves filed a one-count complaint against Defendants Pro-Demolition, Inc. and Edward Warren, seeking to recover overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").  Doc. No. 1.  On December 23, 2019, Plaintiff notified the Court that the parties had reached a settlement.  Doc. No. 11.  The parties thereafter filed the instant motion requesting that the Court approve their settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).  Doc. No. 15.  With the motion, the parties have included a fully executed copy of their settlement agreement.  Doc.

No. 15-1.  The parties ask that the Court approve the settlement agreement and dismiss the case with prejudice.  Doc. No. 15, at 4.  The motion was referred to the undersigned, and the matter is ripe for review.

Upon review, the motion and proposed settlement agreement do not provide the Court all of the information needed to determine whether the settlement is a fair and reasonable resolution of Plaintiff's claim.  Specifically, it is unclear whether and to what extent Plaintiff is compromising his FLSA claim.  Some sections of the joint motion suggest that Plaintiff has not compromised his claim.  *See, e.g.*, Doc. No. 15, at 3 ("Plaintiff will receive full damages as part of the settlement in the amount of $1,062.30 plus liquidated damages . . .").  Other portions of the motion suggest that Plaintiff has indeed compromised his claim.  *See, e.g.*, *id.* ("The Parties agree that the settlement terms and amounts are a reasonable compromise . . .").  To assess the fairness of the parties' agreement, the Court must first know how much Plaintiff was claiming in unpaid wages and liquidated damages.  The parties have not provided this information in their motion.  They also settled this case before any information regarding the claimed amount of unpaid wages was filed on the record, leaving the Court without any way of assessing whether any compromise of Plaintiff's FLSA claim is reasonable.  Without an accurate understanding of the amount of FLSA damages claimed by Plaintiff and the extent to which Plaintiff has compromised his FLSA claim, the Court is ill-equipped to evaluate the fairness of the parties' proposed settlement.

In addition, if Plaintiff has indeed compromised his FLSA claim, the parties have not established that the scope of the release is permissible.  The release provision in the parties' agreement provides:

> In exchange for the consideration set forth in Paragraph 3 below, Plaintiff, for himself and his attorneys, heirs, executors, administrators, successors and assigns, hereby waives and releases, knowingly and willingly, Defendants, PRO-DEMOLITION, INC., and EDWARD WARREN (the "Released Parties"), from any and all wage

> claims of any nature whatsoever Plaintiff has arising out of or related to the payment of wages during his employment with Defendants, known or unknown, including, but not limited to, any claims Plaintiff may have under the Fair Labor Standards Act ("FLSA"), the Florida minimum wage statute, and any and all other applicable state, federal, county, or local ordinances, statutes or regulations, including claims for attorneys' fees which relate to the payment of wages.  Plaintiff also represents and certifies that he has received full payment for all hours worked while employed by Defendants, including minimum wage, overtime hours, bonuses, and vacation pay and that no further payment for hours worked is due by Defendants, their parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past, present and future directors, officers, shareholders, members, employees, agents, insurers and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers, and attorneys.

Doc. No. 15-1 ¶ 2.   I note that some judges have found that a release of claims other than those asserted in the complaint and/or broad release of individuals and entities not named in the complaint render FLSA settlements unfair and unreasonable.   *See, e.g.*, *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1348–49 (M.D. Fla. 2010).   Absent some authority or argument from the parties explaining why the release of claims under "the Florida minimum wage statute, and any and all other applicable state, federal, county, or local ordinances, statutes or regulations," is permissible in this case—particularly where only an FLSA overtime wage claim is raised in the complaint—I cannot recommend approval of the parties' settlement agreement.[1]

For these reasons, the parties' Joint Motion for Approval of Settlement (Doc. No. 15) is **DENIED without prejudice**.   It is **ORDERED** that, on or before **January 27, 2020**, the parties shall file a renewed motion addressing the issues outlined in this Order.

---

[1] Although the agreement contains severability provisions, *see* Doc. No. 15-1 ¶¶ 8, 13, those provisions specifically do not apply to the language of the release.

- 4 -

**DONE** and **ORDERED** in Orlando, Florida on January 13, 2020.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties