# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LESLIE NIEVES,**

      **Plaintiff,**

**v.**                                      **Case No:   6:19-cv-1495-Orl-41LRH**

**PRO-DEMOLITION, INC. and EDWARD WARREN,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 17)**
>
> **FILED:** **January 27, 2020**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. BACKGROUND.

On August 13, 2019, Plaintiff Leslie Nieves filed a one-count complaint against Defendants Pro-Demolition, Inc. and Edward Warren, seeking to recover overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Doc. No. 1. On December 23, 2019, Plaintiff notified the Court that the parties had reached a settlement. Doc. No. 11. The parties thereafter filed the instant motion requesting the Court to approve their settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Doc. No. 15. The

undersigned denied that motion without prejudice for two central reasons: (1) it was unclear whether Plaintiff compromised his FLSA claim, and the parties had provided no information with the motion regarding the amount that Plaintiff claimed was due and owing on his unpaid overtime claim; and (2) the parties had not established the propriety of the release provision in their settlement agreement. Doc. No. 16. Accordingly, the undersigned ordered the parties to file a renewed motion addressing these issues. *Id.* at 3.

On January 27, 2020, the parties filed a renewed Joint Motion for Approval of Settlement. Doc. No. 17. With the motion, the parties have included a copy of their fully executed Settlement Agreement and Release of Claims ("Agreement"). Doc. No. 17-1. The renewed motion was referred to the undersigned, and the matter is ripe for review.

**II.     APPLICABLE LAW.**

In *Lynn's Food Stores*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food Stores*, 679 F.2d at 1353. A court may only enter an order approving a settlement if it finds that the settlement "is a fair and reasonable resolution of a bona fide dispute," of the plaintiff's FLSA claims. *Id.* at 1353–55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that

are actually in dispute. *Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

When a settlement agreement includes an amount for attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[2] The parties may demonstrate the reasonableness of the attorney fees by either: (1) using the lodestar method; or (2) representing that the parties agreed to the plaintiff's attorney's fees separately and without regard to the amount paid to settle the plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

**III.   ANALYSIS.**

   A.   *Whether Plaintiff Has Compromised His FLSA Claims.*

Pursuant to the Agreement, Defendants will pay Plaintiff "full damages" in the amount of $1,062.50 in unpaid overtime wages, $1,062.50 in liquidated damages, and $2,125.00 in attorney's fees. Doc. No. 17, at 3–4. The parties settled Plaintiff's claim before he filed answers to the Court's interrogatories and before he provided the Court with any information about the value of his claim. Moreover, Plaintiff did not specify in the complaint any amount of alleged unpaid overtime or identify any precise monetary demand. *See* Doc. No. 1. However, in the joint motion, the parties explain as follows:

> In determining Plaintiff's damages, counsel for the Parties analyzed Plaintiff's pay and time records during his employment. Counsel for the Parties discussed

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

> Plaintiff's assertions of work off the clock. The parties were then able to calculate the number of hours Plaintiff worked to a high degree of confidence. The Parties estimated that Plaintiff's assertions, if true, would entitle him to approximately $1000.00 to $1100.00 in additional compensation.

Doc. No. 17, at 3. Thus, based on the parties' estimation that between $1000.00 and $1100.00 was allegedly due and owing, it is unclear whether Plaintiff compromised his wage claim. *See Bonetti*, 715 F. Supp. 2d at 1226 ("Broadly construed, a compromise would entail any settlement where the plaintiff receives less than his initial demand.").[3] In an abundance of caution, the undersigned has reviewed the parties' Agreement for fairness pursuant *Lynn's Food* to the extent that Plaintiff has compromised his FLSA claim.

### B.   *Reasonableness of the Settlement Amount.*

If Plaintiff has compromised his FLSA claim, the Court must, under *Lynn's Food*, evaluate whether the settlement amount that he agreed to accept is reasonable. Both Plaintiff and Defendants are represented by experienced counsel in this matter. Doc. No. 17, at 3. The parties exchanged and analyzed pay and time records from Plaintiff's employment, considered Plaintiff's assertions of off the clock work, and "were then able to calculate the number of hours Plaintiff worked to a high degree of confidence." *Id.* The parties state that they believe that the settlement is fair given the records exchanged and the parties coming to agreeable calculations on damages. *Id.* The parties have also considered "Defendants' potential affirmative defenses, the vagaries of trial, and the potential length of litigation." *Id.* The parties agree that their settlement is reasonable in this case. *Id.*

---

[3] I note, however, that in the Agreement, "Plaintiff . . . represents and certifies that he has received full payment for all hours worked while employed by Defendants, including minimum wage, overtime hours, bonuses, and vacation pay and that no further payment for hours worked is due by Defendants." Doc. No. 17-1 ¶ 2.

Based on these representations, to the extent that Plaintiff has compromised his overtime claim, I recommend that the Court find the amount of the settlement reasonable. *See Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

C. *Attorney's Fees and Costs.*

If Plaintiff has compromised his FLSA claim, the Court must also consider whether the payment to his attorney is reasonable to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiff agreed to accept in settlement. *See Silva*, 307 F. App'x at 351. Pursuant to the Agreement, Plaintiff's counsel will receive $2,125.00 for the work performed on Plaintiff's behalf. Doc. No. 17-1 ¶ 3. The parties represent that the "attorneys' fees and costs were negotiated separately from the settlement of the wage claims and did not bear any weight on the amounts received by Plaintiff," citing *Bonetti*. Doc. No. 17, at 4.

Based on these representations, and in the absence of objection, I recommend that the Court find that the amount of attorney's fees Plaintiff's counsel will receive is reasonable and does not taint the amount that Plaintiff agreed to accept for resolution of his FLSA wage claim. *See Bonetti*, 715 F. Supp. 2d at 1228 (finding that when attorney's fee issue is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement").

D. *Other Terms of the Agreement.*

Upon review, the Agreement does not contain a broad general release, confidentiality provision, non-disparagement clause, or other potentially problematic provision that would undermine the fairness of the parties' settlement. *See* Doc. 17-1. As to the release of claims, a release in an FLSA settlement agreement "is generally reasonable so long as it is narrowly-tailored

to the wage claims asserted in the complaint." *Monahan v. Rehoboth Hosp., Inc.*, No. 6:15-cv-1159-Orl-40KRS, 2015 WL 9258244, at *2 (M.D. Fla. Dec. 18, 2015).

The Agreement contains a release that provides:

> Plaintiff, for himself and his attorneys waives and releases, knowingly and willingly, Defendants, PRO-DEMOLITION, INC., and EDWARD WARREN (the "Released Parties"), from any and all wage claims of any nature whatsoever Plaintiff has arising out of or related to the payment of wages during his employment with Defendants, known or unknown, including, but not limited to, any claims Plaintiff may have under the Fair Labor Standards Act ("FLSA") including claims for attorneys' fees which relate to the FLSA claims. Plaintiff also represents and certifies that he has received full payment for all hours worked while employed by Defendants, including minimum wage, overtime hours, bonuses, and vacation pay and that no further payment for hours worked is due by Defendants.

Doc. No. 17-1 ¶ 2.

The presiding District Judge has found that in FLSA cases, releases limited to wage claims generally are reasonable. *See, e.g.*, *Grissam v. Ranraj Singh Dhanju I, Inc*., No. 6:16-cv-1368-Orl-41KRS, 2016 WL 7210946, at *1 (M.D. Fla. Dec. 13, 2016); *Batchelor v. Gen. Mar. Corp.*, No. 6:15-cv-2082-Orl-41KRS, 2016 WL 4467136, at *1 (M.D. Fla. Aug. 24, 2016). Here, the release only extends to claims related to the payment of wages during Plaintiff's employment with Defendants. Doc. No. 17-1 ¶ 2. Accordingly, because the Court has previously concluded that the release of wage-related claims is permissible, I recommend that the Court find that the release in this case does not undermine the fairness of the parties' settlement. *See Grissam*, 2016 WL 7210946, at *1; *Batchelor*, 2016 WL 4467136, at *1.

**IV.   CONCLUSION.**

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the Joint Motion for Approval of Settlement and Incorporated Memorandum of Law (Doc. No. 17);

2. **FIND** that the parties' Agreement (Doc. No. 17-1) is a fair and reasonable resolution of a bona fide dispute under the FLSA;

3. **DISMISS** the case with prejudice; and

4. **DIRECT** the Clerk of Court to close the file.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection.**

Recommended in Orlando, Florida on January 29, 2020.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy